MILDRED D. BUNCHE *v.* OSCAR A. BUNCHE

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued February 7—decision released April 15, 1980

*Robert H. Rubin,* with whom, on the brief, was *Leo Nevas,* for the appellant (plaintiff).

*Hans C. F. Wriedt,* for the appellee (defendant).

PER CURIAM. The marriage of the parties was dissolved by a decree entered September 7, 1977. The court, at that time, approved the stipulation of the parties, made in open court in the presence of their counsel, concerning custody, alimony and the division of their property. It also ordered that the provisions of the stipulation be incorporated in the decree. One of those provisions gave the plaintiff wife the option to purchase the husband's interest in the jointly owned home of the parties providing she exercised the option on or before April 1, 1978. The stipulation also provided that if the wife exercised the option, she was obligated, within

thirty days of doing so, to pay the husband 40 percent of the fair market value of the house less the principal balance of the outstanding mortgage. If the wife did not exercise the option, the house was to be placed on the market for sale no later than April 1, 1978, and when sold, the wife and the husband would be entitled to receive 60 percent and 40 percent, respectively, of the net proceeds.

The parties themselves, as well as their counsel, engaged in negotiations in early 1978 concerning the possible exercise by the wife of her option to purchase the husband's interest. These negotiations broke down, the plaintiff claimed, because the defendant had breached an agreement entered into by the parties. Thereafter, the wife filed a motion to modify the judgment. In her motion she alleged that the defendant agreed to sell his interest based on an agreed valuation of $130,000; that he first agreed that the purchase price of the defendant's 40 percent interest ($33,517.50) should be paid one-half in cash and the remaining one-half five years later without interest; and that, thereafter, when she was ready to conclude the transaction, he changed the terms so that she would have to pay $20,000 in cash and the balance of $13,517.50 in three years. She also claimed that, after she had made arrangements for a bank loan and after the documents were prepared, the husband again changed the terms and insisted that the balance of $13,517.50 be paid by a mortgage to be amortized over a three-year period. Setting out her financial circumstances, and citing her husband's demands upon her to exercise the option, she sought modification of the decree to provide that the purchase price of the defendant's 40 percent interest ($33,517.50) be paid without interest as follows: (1) $16,758.75 within thirty

days; and (2) $16,758.75 five years thereafter, or sooner if the property is sold. If the plaintiff were required to pay to the defendant $20,000 cash and make payments on a third mortgage to the defendant of $13,517.50, amortized over a three-year period, the plaintiff alternatively sought that the court modify her award of periodic alimony to reflect the added monthly liability.

The trial court denied her motion to modify relying upon the following reasons: (1) an agreement had not been reached between the parties; (2) the plaintiff had failed to prove that the defendant was estopped from repudiating any alleged agreement; (3) the court was, in any event, without power under General Statutes § 46b-86 to modify that portion of the judgment dealing with the assignment of property; and (4) no increase in the periodic alimony payments to the wife was warranted because there was no showing of a substantial change of economic circumstances not contemplated by the parties at the time of the original decree. On appeal, the plaintiff maintains that it was error for the trial court to deny her motion to modify and attacks all of these conclusions.

We need not consider the plaintiff's claims addressed to the alleged agreement of the parties on the exercise of the option because we have concluded that the trial court was correct in its conclusion that it was without power to modify that portion of the judgment dealing with the assignment of property. The court's judgment in an action for dissolution of a marriage is final and binding upon the parties, where no appeal is taken therefrom, unless and to the extent that statutes, the common law or rules of court permit the setting aside

or modification of that judgment. Under Practice Book, 1978, § 326, a civil judgment may be opened or set aside, unless otherwise provided by law,[1] where a motion seeking to do so is filed within four months from the date of its rendition. Under § 326, the parties may waive the time requirements or otherwise submit themselves to the jurisdiction of the court. Absent waiver, consent or other submission to jurisdiction, however, a court is without jurisdiction to modify or correct a judgment, in other than clerical respects, after the expiration of the term of the court in which it was rendered; *Snow* v. *Calise,* 174 Conn. 567, 571, 392 A.2d 440 (1978) ; or the term provided in Practice Book, 1978, § 326. The plaintiff's motion to modify was not filed within the applicable periods and the parties did not submit themselves to the jurisdiction of the court by waiver, consent or otherwise.

It remains for us to consider whether the applicable statutes authorized the court to modify the assignment of property contained in the judgment. General Statutes § 46b-86 (a) provides: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one

---

[1] Practice Book, 1978, § 326 also excepts from its operation "cases in which the court has continuing jurisdiction." The portion of the judgment which the plaintiff sought to modify, directed as it was to an assignment of property or the estate of the parties, was not one over which the court had "continuing jurisdiction." See General Statutes § 46b-86 (a).

party to the other party under prior law." This provision confers on the court continuing jurisdiction, except where precluded by the decree, to modify orders for the periodic payment of permanent or pendente lite alimony or support upon a showing of a substantial change in the circumstances of either party. See *Viglione* v. *Viglione,* 171 Conn. 213, 215, 368 A.2d 202 (1976). By its terms, the statute deprives the Superior Court of continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other party under General Statutes § 46b-81.

The plaintiff claims, however, that the portion of the judgment relating to her option to purchase the jointly owned home was not an assignment of property within the meaning of General Statutes § 46b-81. This claim is without merit. The court's dissolution judgment, which gave to the plaintiff the option to buy out the defendant's interest in the jointly owned home for 40 percent of its fair market value in effect assigned to the plaintiff at least 10 percent of the defendant's interest in that property and was clearly ordered under the authority of § 46b-81.[2] In any event, that portion of the judgment sought to be modified was not a final order for the periodic payment of permanent alimony or support. See General Statutes § 46b-86 (a); Clark, Domestic Relations § 14.8.

We discuss briefly the plaintiff's claim that the trial court erred in denying that part of her motion

[2] Both parties filed financial affidavits for the hearing on the motion to modify. Each listed the jointly held real estate under the heading "Assets." The plaintiff's affidavit then reads: "Plaintiff's Equity per Judgment (60%) $50,276.27"; and the defendant's affidavit reads: "40% share of equity $33,600.00."

seeking a modification of alimony. The trial court concluded that the plaintiff had not demonstrated that there was a substantial change in the circumstances of either party not contemplated by the parties at the time of the decree. General Statutes § 46b-86 (a); see *Fricke* v. *Fricke,* 174 Conn. 602, 392 A.2d 473 (1978); *Sanchione* v. *Sanchione,* 173 Conn. 397, 407, 378 A.2d 522 (1977). This conclusion is not erroneous. The sole basis for the plaintiff's motion to modify was that her economic circumstances had changed as the result of the financial arrangements she claimed she had to make to purchase the defendant's interest in the family home. The exercise of the option, with the accompanying arrangements, was contemplated by the parties in the original judgment and cannot constitute a change of circumstances under the statute.

There is no error.