CYNTHIA D. AMMIRATA *v.* MICHAEL T. AMMIRATA
(3469)

BORDEN, SPALLONE and DALY, Js.

Argued June 12—decision released September 10, 1985

*Marcella Gereg,* for the appellant (plaintiff).

*Stephen C. Gallagher,* with whom, on the brief, was *Edward J. Gallagher,* for the appellee (defendant).

DALY, J. On June 16, 1980, a judgment was rendered dissolving the marriage of the parties. The trial court ordered the defendant to transfer to the plaintiff his

interest in the parties' jointly owned residence. The plaintiff was ordered to execute three mortgages secured by the real estate conveyed to her. The first mortgage was to the defendant in the amount of $10,000, and the second mortgage, also in the amount of $10,000, was to the defendant's mother. The third mortgage is not at issue here. The mortgages were to be paid when the property was sold, which was to occur when, inter alia, the plaintiff died, cohabited with a man in the subject premises, or remarried.

In addition, the defendant was ordered to pay the plaintiff, as unallocated alimony and support, the sum of $11,200 per year. This sum was to be paid until the plaintiff died, remarried, or cohabited with another person. In the event of the plaintiff's remarriage or cohabitation, the payment was to be reduced to $8000 per year if the children were still minors.

On or about November 8, 1983, the defendant moved to modify the judgment, alleging cohabitation by the plaintiff and seeking to have the unallocated alimony and support payment reduced to $8000 per year. After several postponements, the motion appeared on the short calendar on January 10, 1984. Counsel are in dispute as to what transpired at the end of that day. Counsel for the defendant claims that the parties reached an agreement on that date and that the court requested it be reduced to writing. Counsel for the plaintiff contends that there were negotiations and that the motion was marked "off" the calendar. The oral stipulation the defendant claims was reached was that alimony payments would be modified as of November 28, 1983, and that two new mortgages would be executed providing for payment on September 1, 1984, instead of immediately. The defendant further claims that the court ordered that the stipulation be filed in writing. There is no transcript or other record of these proceedings.

On or about June 22, 1984, the defendant filed a motion for compliance indicating that the plaintiff had failed to comply with the stipulation and requested that she be ordered to execute the mortgages. The plaintiff denied that there was any such agreement or any cohabitation. On August 6, 1984, the trial court ordered the plaintiff to execute the mortgages and to sign the stipulation on or before August 13, 1984. The plaintiff has appealed from this judgment.

On appeal, the plaintiff claims that the trial court (1) did not have jurisdiction to modify the portion of the dissolution judgment dealing with the assignment of property under General Statutes § 46b-81, (2) erred in terminating the plaintiff's periodic alimony award without a hearing and finding under General Statutes § 46b-86 (b), and (3) erred in finding that the parties had reached an agreement modifying their dissolution decree and in ordering the plaintiff to sign the defendant's stipulation concerning the modification.

Portions of a dissolution decree may be modified by the court pursuant to General Statutes § 46b-86 (a). That section provides: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law." Upon a showing of a substantial change in the circumstances of either party, therefore, the court has continuing jurisdiction to modify orders for the periodic payment of permanent or pendente lite alimony or support, except where precluded by the decree. "By its terms, the statute deprives the Superior Court of continuing

jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other party under General Statutes § 46b-81."[1] *Bunche* v. *Bunche,* 180 Conn. 285, 289, 429 A.2d 874 (1980).

The assignment to the plaintiff of the jointly owned home subject to the existing mortgages was an assignment of property within General Statutes § 46b-81 (a). That portion of the judgment which the defendant sought to have modified was not a final order for the periodic payment of permanent alimony or support as specified in General Statutes § 46b-86 (a). *Bunche* v. *Bunche,* supra, 289. Hence, the trial court had no jurisdiction to alter the terms of the property assignment.

The plaintiff claims that her alimony was terminated without a hearing. "Our rules of practice require that every motion directed toward pleading or procedure, unless relating to procedure during the course of a trial, be in writing. Practice Book § 196 . . . ." *Connolly* v. *Connolly,* 191 Conn. 468, 475, 464 A.2d 837 (1983). "It is a fundamental premise of due process that a court cannot adjudicate a matter until the persons directly concerned have been notified of its pendency and have been given a reasonable opportunity to be heard in sufficient time to prepare their positions on the issues involved." *Costello* v. *Costello,* 186 Conn. 773, 776–77, 443 A.2d 1282 (1982). The defendant's motion for compliance only sought an order compelling the plaintiff to execute two $10,000 mortgages calling for a set due date. In his motion for modification, the defendant alleged cohabitation by the plaintiff.

---

[1] General Statutes § 46b-81 provides in pertinent part: "(a) At the time of entering a decree annulling or dissolving a marriage . . . the superior court may assign to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect."

"The public allegation that a woman is living with a man out of wedlock and is enjoying a financial benefit from that arrangement is one which is not lightly made and, even in this day, may carry an innuendo of disrepute. In addition, a judicial determination that such an allegation is true may have repercussions affecting persons other than the litigants and matters other than alimony. These considerations, which are reflected in the special notice and hearing requirement, support the conclusion that the trial court cannot on its own initiative consider § 46b-86 (b)[2] as a ground for the termination of alimony." (Footnote added.) *Connolly* v. *Connolly,* supra, 478.

The motion for compliance did not raise the necessary allegations under General Statutes § 46b-86 (b), and the court did not hold a proper hearing. It was error, therefore, for the court to terminate the plaintiff's alimony.

The order compelling the plaintiff to sign the stipulation was also outside the parameters of the motion to compel and should not have been entered.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff.

In this opinion the other judges concurred.

---

[2] General Statutes § 46b-86 (b) provides in pertinent part: "In an action for divorce, [or] dissolution of marriage . . . brought by a husband or wife, in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other, the superior court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."