BARBARA ANN BERG *v.* KENNETH W. BERG
(9314)

DUPONT, C. J., FOTI and HEIMAN, Js.

Argued February 6—decision released April 30, 1991

*David N. Feliu,* with whom were *V. Michael Simko, Jr.,* and, on the brief, *Henry Elstein,* for the appellant (plaintiff).

*Richard G. Kent,* for the appellee (defendant).

FOTI, J. The plaintiff appeals from the postdissolution judgment of the trial court denying her motion to modify periodic alimony. The plaintiff claims that the trial court improperly concluded that the portion of the dissolution judgment requiring her to pay household expenses for the jointly held property was an order made in relation to a property assignment. The dispositive issue is whether this order was nonmodifiable as part of a property assignment made pursuant to General Statutes § 46b-81[1] or modifiable as a periodic

---

[1] General Statutes § 46b-81 provides in relevant part: "(a) At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior court may assign to either the husband or wife all or any part of the estate of the other. . . .

"(c) In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

payment of permanent alimony pursuant to General Statutes § 46b-86 (a).[2]

The parties' marriage of twenty-six years was dissolved, after a trial, on October 26, 1988. Four of the parties' five children still lived at home at the time of the judgment. Custody of the two minor children, aged fifteen and thirteen, was awarded to the plaintiff. The parties' largest asset was their marital residence, which required mortgage payments of approximately $840 per week.[3] The plaintiff was awarded $880 per week

[2] General Statutes (Rev. to 1987) § 46b-86 (a), as amended by Public Acts 1987, No. 87-104, provided: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. After the date of judgment, modification may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution. By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law."

[3] The memorandum of decision provides in pertinent part: "A one-half interest in the family home known as 1 Joanne Lane, Weston, Connecticut, shall be conveyed to the defendant husband by the plaintiff wife. This is done at the plaintiff's request, so that he may share equally in the tax burden on the sale of the premises. The plaintiff shall reside in the house until the youngest child reaches the age of eighteen years, at which time the house shall be sold at a price to be agreed upon between the parties. The expenses of the sale, the first and second mortgages and the Corporate Maintenance claim shall be paid therefrom and the remaining monies shall be divided equally between the parties. From his share, the defendant shall repay the loan due the plaintiff's mother in the amount of $28,000, and also the judgment lien in favor of the Peoples Bank in the present amount of $4,693.26. The plaintiff's request for payment of $37,500, the amount drawn from the second mortgage, is denied inasmuch as the defendant used that money for family expenditures. The plaintiff shall be responsible for all costs and expenses of the house during the period of occupancy, includ-

as periodic alimony to be reduced to $350 per week upon the sale of the house, continuing for twelve years from the date of the memorandum of decision. The defendant was also ordered to pay $75 per week for the support of each minor child.

On December 1, 1988, the court, *Mihalakos, J.,* modified the alimony from $880 to $845 per week and on December 14, 1989, the court, *Cocco, J.,* modified the order to $350 per week. On March 16, 1990, the court, *Bassick, J.,* ordered an increase in periodic alimony to $357 per week.

On April 5, 1990, the plaintiff filed her motion seeking a modification of "the above described orders for the payment of alimony," and an order that "upon the sale of the family residence, the defendant be required to pay the plaintiff those household expenses which have been or which may hereafter be paid or incurred by the plaintiff and which equal the difference between the sum of $880 per week and the amount of periodic alimony actually paid by the defendant as of said time." The motion also noted that at other times when the court ordered a modification of the original periodic alimony of $880 per week, there was no corresponding requirement that the defendant be obligated to pay or assume a proportionate burden toward the household expense; the plaintiff alleged that the orders entered at the time of dissolution were made in anticipation that she would be able to pay all household expenses from the periodic alimony of $880 per week.

The court, *Gordon, J.,* denied the motion because the plaintiff "in her motion has failed to allege a substantial change in circumstances which has arisen since the

ing repairs up to $250. Repairs in excess of $250 shall be shared equally by the parties, that is, the excess over $250 shall be shared and both parties shall agree upon those repairs exceeding $250."

last order of modification in December 1989" and because the "financial obligations imposed on the plaintiff were made in relation to a property assignment . . . ."

Although a trial court has no jurisdiction to alter the terms of that portion of a dissolution judgment providing for the assignment of property of one party to the other party under General Statutes § 46b-81; *Bunche* v. *Bunche,* 180 Conn. 285, 289, 429 A.2d 874 (1980); *Viglione* v. *Viglione,* 171 Conn. 213, 215, 368 A.2d 202 (1976); it may modify a portion of a decree pursuant to General Statutes § 46b-86 (a) upon the showing of a substantial change in the circumstances of either party. *Ammirata* v. *Ammirata,* 5 Conn. App. 198, 200, 497 A.2d 768 (1985). Although an analysis of the structure of the dissolution order may be highly instructive in determining whether the division of marital property is considered lump sum alimony pursuant to General Statutes § 46b-82 or a property assignment pursuant to General Statutes § 46b-81, the difference between the two can be seen in their purposes. *Blake* v. *Blake,* 211 Conn. 485, 497, 560 A.2d 396 (1989). The purpose of property assignment is to divide equitably the ownership of the parties' property; *McPhee* v. *McPhee,* 186 Conn. 167, 170, 440 A.2d 274 (1982); while periodic and lump sum alimony is based primarily on a continuing duty to support. *Hotkowski* v. *Hotkowski,* 165 Conn. 167, 170, 328 A.2d 674 (1973).

The order dealing with household costs and expense obligations cannot be considered part of the equitable division of the ownership of the parties' property. It is a more reasonable construction of the memorandum of decision to conclude that periodic alimony payments of $880 per week were related to the fact that the plaintiff would be incurring as her sole obligation, as a part of the cost of household maintenance, a mortgage pay-

ment of $840 per week. The payment of household expenses relates to support rather than to the equitable division of that property.

We conclude, therefore, that the court did not lack jurisdiction to decide the motion because the motion did not seek the modification of a property assignment.

Although the plaintiff did not specifically allege that a substantial change in circumstances had arisen since the last modification, her motion contained factual allegations that may have been sufficient to form the basis of that claim. Although § 46b-86 (a) requires a *showing* of a substantial change in circumstances, it does not require that those specific words be used in a pleading seeking periodic alimony. The court, therefore, could have determined, after a hearing on the motion, that the facts proven constituted a substantial change in circumstances.

The judgment is reversed and the case is remanded for further proceedings on the plaintiff's motion for modification.

In this opinion the other judges concurred.