[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO MODIFY JUDGMENT RE ISSUE OF ALIMONY AS ASSIGNMENT OF PROPERTY OR SPOUSAL SUPPORT, AND MOTION TO MODIFY CHILD SUPPORT
Plaintiff Kathleen Godbout and defendant Arthur Godbout were married on October 28, 1967. Their minor child, Jason, was born on November 1, 1978. On June 19, 1991, the parties' marriage was dissolved by order of this court.
The court's June 19, 1991 memorandum of decision, indicates that prior to trial, the parties agreed to accept recommendations filed with the court by a Family Relations counselor with respect to their custody and visitation rights. These recommendations, which address the possibility that custody of the minor child may be modified to allow the child's primary residence to be with the defendant father, were to be reviewed by the Family Relations Division six months after the date of judgment, provided that one of the parties requested such a review.
On November 19, 1991, the plaintiff moved for referral to the Family Relations Division. The Family Relations counsellor's report was filed on March 3, 1992.
On March 9, 1992, plaintiff Kathleen Godbout filed a motion to reopen and modify the court's June 19, 1991 judgment. In her motion, the plaintiff seeks: (1) to change the custody and CT Page 6450 visitation rights; and (2) to increase the amount of the defendant's weekly alimony contribution toward the maintenance of the parties' former marital residence. Both parties filed financial affidavits on March 23, 1992.
On March 26, 1992, defendant Arthur Godbout filed a motion to reopen and modify judgment. While he does not seek to reduce his alimony obligation, the defendant requests the court to order the plaintiff to pay child support in accordance with the applicable child support guidelines. In his memorandum of law filed on March 31, 1992, the defendant argues: (1) that the plaintiff is entitled to modification of alimony payments only if she shows that there was a substantial change in circumstances which was not contemplated by the parties at the time of entry of the original decree; (2) that the court lacks jurisdiction to modify the defendant's obligation to contribute to the maintenance of the former marital residence; and (3) that the court must reconsider the parties' child support obligations because the minor child now resides with the defendant.
By the parties' agreement, approved by the court on March 24, 1992 legal custody of their minor child, Jason was awarded to them jointly and Jason's physical custody was entrusted to defendant Arthur Godbout. Pursuant to said agreement plaintiff Kathleen Godbout was awarded specific times of reasonable visitation which are to be expanded at the comfort of the plaintiff and the child.
Modification of Alimony and Child Support Generally
The applicable statute for the modification of alimony and child support orders is Conn. Gen. Stat. 46b-86 (a). Section 46b-86 (a) has been amended several times resulting in some confusion regarding its application. Prior to these amendments46b-86 (a) required "a showing of a substantial change in the circumstances of either party." Requests for modification of child support and alimony were considered using the same standard.
In response to the plaintiff's request for modification for alimony judgment, the defendant asserts that the modification must be justified by a substantial change in circumstances not contemplated by the parties at the time of the original judgment. This was consistently the courts' interpretation of the law prior to the enactment of Public Act 87-104. See Grinold v. Grinold,172 Conn. 192, 195 (1972). Public Act 87-104 provided that "(a)fter the date of judgment, modification may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution." Following Public Act 87-104, the courts maintained CT Page 6451 two standards of review, any alimony or child support judgment made before October 1, 1987 could only be modified upon a showing that the required change in circumstances was uncontemplated. Judgments made after October 1, 1987 could be modified without satisfying the uncontemplated requirement. See Darak v. Darak,210 Conn. 462, 468 (1989); Fisher v. Fisher, 25 Conn. App. 82, 84
(1991) and Breen v. Breen, 18 Conn. App. 166 (1989).
In response to the courts' interpretation ofPublic Act 87-104, the legislature again amended 46b-86 (a).Public Act 90-213, 46 provided that "(a)fter the date of judgment, modification of any child support order issued before or after July 1, 1990, may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution." The resulting language resolves the dual standard problem with regard to child support orders, for all requests to modify child support orders must now meet a single standard, regardless of the original judgment date.
However, a literal reading of the amendments may produce an impression that the statute required an uncontemplated change in circumstances if the original judgment was entered before October 1, 1987 or after July 1, 1990.
The foregoing interpretation would be inconsistent with the 1991 legislative attempt to clarify the statute and extend the retrospective standard to alimony modification as well. House Bill 5340 would have provided that "(1) any child support order issued before, on or after July 1, 1990 or (2) any order for permanent alimony or alimony pendente lite issued before, on or after the effective date of this act may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution." House Bill 5340 received the unanimous approval of the judiciary committee, but was returned by the house to the committee on March 13, 1991 for unknown reasons with an assurance that the changes would be included in future legislation. Legislative history indicates that the purpose of House Bill 5340 was to apply the standard introduced by Public Act 87-104
retrospectively to judgments entered before October 1, 1987. This indicates that the legislature accepts that this standard is already applied to all judgments entered after October 1, 1987.
Although rules of statutory construction would dictate that the addition of the term "child support" by Public Act 90-213 is restrictive, the Supreme Court has been more persuaded by the apparent legislative intent and the need for a single standard. The supreme court has interpreted the statute to provide that "P.A. 87-104 applies to all alimony and support orders, CT Page 6452 regardless of the date on which they were entered." The court noted that Public Act 90-213 was the legislature's response to the dual standard decisions following Public Act 87-104
indicating the legislature's intent "to create one consistent body of law." See Turner v. Turner, 219 Conn. 703, 717-18 (July 1991).
A. Modification of Alimony
Defendant Arthur Godbout argues that the court lacks jurisdiction to modify the orders regarding contribution to the maintenance of the former marital residence because this constitutes a property settlement pursuant to General Statutes46b-81. The court's memorandum of decision states that the plaintiff is entitled to exclusive possession of the former marital residence, and that the plaintiff must assume liability for the existing first mortgage, as well as for interest on an equity loan, real estate taxes, homeowner's insurance, and all ordinary repairs and maintenance.
 Although a trial court has no jurisdiction to alter the terms of that portion of a dissolution judgment providing for the assignment of property of one party to the other party under General Statutes 46b-81; Bunche v. Bunche, 180 Conn. 285, 289, 429 A.2d 874 (1980); Viglione v. Viglione, 171 Conn. 213, 215, 368 A.2d 202 (1976); it may modify a portion of a decree pursuant to General Statutes 46b-86 (a) upon the showing of a substantial change in the circumstances of either party. Ammirata v. Ammirata, 5 Conn. App. 198, 200, 497 A.2d 768 (1985). Although an analysis of the structure of the dissolution order may be highly instructive in determining whether the division of marital property is considered lump sum alimony pursuant to General Statutes 46b-82
or a property assignment pursuant to General Statutes 46b-81, the difference between the two can be seen in their purposes. Blake v. Blake, 211 Conn. 485, 497, 560 A.2d 396
(1989). The purpose of property assignment is to divide equitably the ownership of the parties' property; McPhee v. McPhee, 186 Conn. 167, 170, 440 A.2d 274 (1982); while periodic and lump sum alimony is based primarily on a continuing duty to support. Hotkowski v. Hotkowski, 165 Conn. 167, 170, 328 A.2d 674 (1973).
CT Page 6453
Berg v. Berg, 24 Conn. App. 509, 513. 589 A.2d 885, cert. denied,219 Conn. 908, 593 A.2d 134 (1991).
An order dealing with household costs and expense obligations cannot be considered as part of the equitable division of the parties' property. Id. "It is a more reasonable construction of the memorandum of decision to conclude that periodic alimony payments . . . were related to the fact that the plaintiff would be incurring as her sole obligation, as a part of the cost of household maintenance, a mortgage payment. . . ." Id. "The payment of household expenses relates to support rather than to the equitable division of that property." Id., 514. Therefore, the court has jurisdiction to decide the motion because it does not seek modification of a property assignment but rather seeks to modify a support order.
The court finds that the change in the custodial arrangements of Jason has created a substantial change in the parties' circumstances for purposes of spousal support. However, until the marital premises are sold the judgment of dissolution imposes upon plaintiff Kathleen Godbout the responsibility for the ". . . payment of the existing first mortgage, interest on the equity loan, real estate taxes, home-owners insurance and all ordinary repairs and maintenance. . . ." Even after adjusting plaintiff's financial affidavit so as to reflect the $250 weekly payments which she receives from the defendant, plaintiff's income is 20 per cent less than her expenses. According to the financial affidavit of defendant Arthur Godbout his income is only 63 per cent of his expenses. Certainly some adjustment is required. In view of the court-ordered mortgage and related housing responsibilities of the plaintiff, the court modifies its alimony order as follows:
 Defendant Arthur Godbout shall pay to plaintiff Kathleen Godbout $200.00 per week as alimony, until the family home at 42 Costanzo Court, Hamden, Connecticut, is sold. Immediately thereafter, defendant Arthur Godbout shall pay to plaintiff Kathleen Godbout the sum of $75.00 per week as alimony until his death, the death or remarriage of the plaintiff, or June 1, 1997, whichever event shall occur first. This order is subject to an order of an immediate wage withholding.
B. Modification of Child Support
Connecticut General Statutes 46b-86 authorizes CT Page 6454 post-judgment modification of child support orders. The court has reviewed the statutory authorities and criteria germane to the obligations of parents to support their children, as well as the distribution of marital assets reflected in the judgment of dissolution. Furthermore, the court has considered the statutory directives of Conn. Gen. Stat. 46b-215b, as they are germane to this case. The court finds that the application of the child support guidelines to this case would be inequitable and is inappropriate.
Since defendant Arthur Godbout has physical custody of minor Jason, the court terminates its order directing child support payments to plaintiff Kathleen Godbout. However, the court denies the defendant's motion requesting child support payments from the plaintiff. Under the financial circumstances it would be inequitable to require the plaintiff to pay such child support.
CLARANCE J. JONES, JUDGE