DIANE PASSAMANO *v.* SALVATORE J. PASSAMANO
(10643)

DUPONT, C. J., LANDAU and HEIMAN, Js.

Argued June 12—decision released September 1, 1992

*Charles J. Irving,* for the appellant (defendant).

*Lynda B. Munro,* for the appellee (plaintiff).

HEIMAN, J. The defendant, Salvatore J. Passamano, appeals from the trial court's denial of his motion to modify certain financial orders entered in connection with a prior judgment dissolving his marriage to the plaintiff, Diane Passamano. He claims that the trial court (1) incorrectly concluded that the prior order to pay the mortgage and real estate taxes on the parties' jointly owned house constituted a nonmodifiable assignment of property to the plaintiff, and (2) improperly awarded the plaintiff counsel fees to defend this appeal. We reverse the trial court's judgment denying the motion to modify and we affirm its award of counsel fees.

The parties' marriage was dissolved by a judgment of the Superior Court on June 22, 1984. In connection with that judgment, the court ordered that the plain-

tiff and the parties' children be permitted to reside in the family home until the youngest child reached the age of eighteen. The court further ordered that when the youngest child turned eighteen, the property be sold and the net proceeds divided equally between the parties. The court further decreed that "the defendant shall pay all mortgage payments on said real property and shall pay all real estate taxes commencing with the tax due on January 1, 1985 . . . ."

The parties' youngest child reached the age of eighteen on December 7, 1990. On August 16, 1991, the defendant filed a motion to modify the prior judgment to extinguish his obligation to pay the mortgage and real estate taxes on the family home. After a hearing, the trial court, *Arena, J.,* denied the motion to modify, finding that the prior order to pay the mortgage and real estate taxes on the house constituted a nonmodifiable assignment of property. This appeal followed.

After the defendant filed this appeal, the plaintiff filed a motion with the trial court seeking an award of counsel fees to defend the appeal. After a hearing on the motion, the court, *Higgins, J.,* ordered the defendant to pay the plaintiff $2000 to defend this appeal. The defendant then amended this appeal to include a challenge to the trial court's award of counsel fees.

I

The defendant first claims that the trial court incorrectly determined that the prior order to pay the mortgage and real estate taxes on the family home until the youngest child reached the age of eighteen constituted a nonmodifiable assignment of property. We agree.

General Statutes § 46b-81 (a) provides in pertinent part: "At the time of entering a decree annulling or dissolving a marriage . . . the superior court may

assign to either the husband or wife all or any part of the estate of the other. Although a trial court has no jurisdiction to alter the terms of that portion of a dissolution judgment providing for the assignment of property of one party to the other party under General Statutes § 46b-81; *Bunche* v. *Bunche,* 180 Conn. 285, 289, 429 A.2d 874 (1980); *Viglione* v. *Viglione,* 171 Conn. 213, 215, 368 A.2d 202 (1976); it may modify a portion of a decree pursuant to General Statutes § 46b-86 (a) upon the showing of a substantial change in the circumstances of either party. *Ammirata* v. *Ammirata,* 5 Conn. App. 198, 200, 497 A.2d 768 (1985)." *Berg* v. *Berg,* 24 Conn. App. 509, 513, 589 A.2d 885, cert. denied, 219 Conn. 908, 593 A.2d 135 (1991). Although the structure of the dissolution order may indicate whether the division of marital property is considered lump sum alimony pursuant to General Statutes § 46b-82 or a property assignment pursuant to § 46b-81, the difference between the two can be seen in their purposes. *Blake* v. *Blake,* 211 Conn. 485, 497, 560 A.2d 396 (1989). "The purpose of a property assignment is to divide the ownership of the parties' property equitably; *McPhee* v. *McPhee,* 186 Conn. 167, 170, 440 A.2d 274 (1982); while periodic and lump sum alimony is based primarily on a continuing duty to support. *Hotkowski* v. *Hotkowski,* 165 Conn. 167, 170, 328 A.2d 674 (1973)." *Berg* v. *Berg,* supra.

The order to pay the mortgage and real estate taxes on the house was not a property award because it did not alter the parties' respective ownership interests. At the time that the judgment dissolving the parties' marriage was rendered, the parties owned the house as joint tenants. The dissolution court ordered that the plaintiff and the parties' children be permitted to occupy the marital home until the youngest child turned eighteen, at which time the property was to be sold and the net proceeds divided equally between the parties.

Thus, the defendant had a one-half interest in the property when the parties' marriage was dissolved,[1] and was entitled to receive the value of his one-half interest after the property was sold in accordance with the dissolution court's orders. The dissolution court assigned no portion of the defendant's interest in the real property to the plaintiff pursuant to § 46b-81 (a).

A more reasonable construction of this order was that it served to ensure that the plaintiff and the parties' children would be able to live in the family home until the children had reached the age of majority. Our courts consistently have held that both the amount of alimony to be awarded and the form that such alimony may take are subjects within the sound discretion of the trial judge. See *Schmidt* v. *Schmidt,* 180 Conn. 184, 191, 429 A.2d 470 (1980); *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 583, 362 A.2d 835 (1975); *Baker* v. *Baker,* 166 Conn. 476, 488, 352 A.2d 277 (1974). Because this order resulted from the defendant's continuing duty to support his family, not from a distribution of the parties' property interests, it is an award of periodic alimony, which is modifiable. See *Berg* v. *Berg,* supra, 513–14.

The trial court incorrectly found that the prior order to pay the mortgage and real estate taxes on the house constituted a nonmodifiable property assignment.

## II

The defendant next claims that the trial court's award of counsel fees to the plaintiff to defend this appeal was improper because it was not based on a consideration of the proper statutory criteria. We are not persuaded.

[1] General Statutes § 47-14g provides in pertinent part: "Whenever a husband and wife are joint tenants in the same real estate, either together or in conjunction with others, a divorce or dissolution of the marriage, unless the divorce decree or decree of dissolution otherwise provides, severs their interests and converts them into tenants in common as to each other . . . ."

A hearing was held on November 4, 1991, concerning the plaintiff's motion for counsel fees. The plaintiff testified as follows. The parties have two children, Gina, a full-time college student, and Shannon, a nurse and part-time college student. The plaintiff pays virtually all of Gina's educational and living expenses and gives Shannon approximately $1000 annually. Although the plaintiff had $2824 in a bank account at the time of the hearing, the money was needed for Gina's next semester at college. These payments were voluntary because both children are over the age of eighteen.

The plaintiff further testified that her weekly expenses, excluding all payments made for the benefit of her children, totalled $290 per week, and that her most recent financial affidavit indicated a net weekly income of $511.80. She stated that she had paid cash recently for a 1991 Nissan and had bought a parcel of land in Lebanon since the divorce. The plaintiff also testified that the defendant had failed to make the weekly court ordered child support payments from February, 1986, through 1990. In addition, the trial court had the parties' financial affidavits before it.

After hearing the arguments of counsel, which included a discussion of the parties' relative financial positions, the pertinent statutes and case law and after considering the probability that the defendant's appeal from the denial of his motion to modify would be successful, the court ruled on the motion for counsel fees from the bench: "It is the ruling of the court that the expenses that the mother has undertaken to pay in connection with the child in college are reasonable and equitably justified. Taking into account the dim prospects of success on appeal, the court will award the plaintiff the sum of $2000 as an allowance to defend the appeal." Neither counsel requested, either orally or in writing, further articulation regarding the court's reasoning in entering this order.

The defendant claims that the court improperly failed to consider the parties' respective financial abilities. General Statutes § 46b-62 provides in pertinent part: "In any proceeding seeking relief under the provisions of this chapter . . . the court may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. . . ." The criteria set forth in General Statutes § 46b-82 include "the length of the marriage . . . the causes for the . . . dissolution of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of the parties . . . ." Accordingly, the court must consider the parties' respective financial abilities. *Friedlander* v. *Friedlander,* 191 Conn. 81, 87, 463 A.2d 587 (1983); *Mitchell* v. *Mitchell,* 24 Conn. App. 343, 346, 588 A.2d 242 (1991). The trial court exercises broad discretion in determining whether to allow counsel fees, and, if so, in what amount. *Graham* v. *Graham,* 25 Conn. App. 41, 50, 592 A.2d 424, cert. denied, 220 Conn. 903, 593 A.2d 969 (1991); *Lawler* v. *Lawler,* 16 Conn. App. 193, 205, 547 A.2d 89, appeal dismissed, 212 Conn. 117, 561 A.2d 128 (1989).

Nothing in the record supports the defendant's theory that the trial court failed to apply the proper criteria. The court heard extensive testimony and argument regarding the parties' relative financial positions immediately before issuing its ruling. The court also heard the arguments of counsel regarding the pertinent statutory criteria. Its statement that it took the defendant's "dim prospect of success on appeal" into account is of little moment. Indeed, the defendant correctly points out that our Supreme Court in *Marino* v. *Marino,* 136 Conn. 617, 73 A.2d 339 (1950), indicated that although a court may inquire into the probability of success on appeal when ruling on a request for coun-

sel fees to *prosecute* an appeal, such inquiry is unnecessary when ruling on a motion for counsel fees to *defend* an appeal because the fact that a judgment appealed from was in the moving party's favor is ample evidence of merit. Id., 621. Thus, even if the court's consideration of the defendant's prospect of success on appeal was in error, it was harmless. Further, the court's reference to the reasonableness of the plaintiff's expenditures for the parties' children was pertinent to the parties' relative financial positions, and served to address the most vigorously contested issue presented at the hearing.

We also note that no motion for articulation was filed requesting the trial court to articulate on the record the basis on which it ordered the payment of counsel fees. See Practice Book § 4051. In the absence of some evidence to the contrary, we will not presume that the trial court improperly applied the law. " '[I]t would be sheer speculation for this court to assume that the trial court applied the incorrect legal standard.' " *Carothers* v. *Capozziello,* 215 Conn. 82, 105, 574 A.2d 1268 (1990); *Brookfield* v. *Candlewood Shores Estates, Inc.,* 201 Conn. 1, 7, 513 A.2d 1218 (1986). The defendant has not sustained his burden of demonstrating that the trial court committed harmful error, and cannot prevail on this claim. See *Carothers* v. *Capozziello,* supra.

The judgment denying the defendant's motion for modification is reversed and the case is remanded for a hearing on the defendant's motion to modify the judgment of June 22, 1984, as to the ordered payment of the mortgage and real estate taxes, consistent with this opinion. The order awarding counsel fees to defend the appeal is affirmed.

In this opinion the other judges concurred.