[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on a post-judgment motion by the defendant to modify an order of the court made on March 23, 1992, when the court dissolved the marriage.
The pertinent provision of the court order is as follows:
 Until the home is sold, the defendant shall pay the first mortgage, real estate taxes and home insurance. The plaintiff shall pay the home equity line and normal household maintenance and utilities. She shall also have exclusive possession of the home with the children until the property is sold.
It is also noted that paragraph B, page 3 of the decree specifically provides that no alimony is to be paid to either party. CT Page 8464
Subsequently; the plaintiff remarried and the defendant has filed this motion claiming that the above order of the court is in the nature of alimony and is modifiable upon a showing of a substantial change of circumstances.
The plaintiff disagrees and argues that the order is in the nature of a property settlement and is therefore not modifiable.
In support of his position, defendant's counsel directs the court to the case of Godbout v. Godbout,7 Conn. L. Rptr. No. 1, 21 (July 27, 1992), and the case of Passamano v. Passamano, 28 Conn. App. 854 (1992). In both of these cases, in circumstances fairly comparable to the instant case, the court concluded that an order to pay taxes and alimony was an award of periodic alimony and therefore modifiable.
The plaintiff relies primarily on Viglione v. Viglione,171 Conn. 213 (1976) and Croke v. Croke, 4 Conn. App. 663
(1985) in support of her position that the order of the court is in the nature of a property distribution, or lump sum alimony, and therefore is nonmodifiable.
This court disagrees. Although the decree specifically provides that there shall be no alimony paid to either party, the court must look to the entire agreement to determine the intent of the separation agreement.
The Viglione case is clearly distinguishable. There the court stated that the trial referee indicated that the mortgage obligation would survive the defendant's (payor) death. Such is not the case here. The amount could be accurately determined, here it cannot be so determined.
The Croke case is clearly inapplicable since it dealt with the attempted modification of an order to sell the property.
The court concludes that notwithstanding a specific statement that there is no award of periodic alimony. The intention clearly was to provide support and is governed by Connecticut General Statutes, Sec. 46b-88 (a) and not Connecticut General Statutes, Sec. 46b-81. Accordingly, it is an order which can be modified upon a showing of a substantial change of circumstance. CT Page 8465
The plaintiff's remarriage raises a strong presumption that the recipient, by her marriage, has elected to obtain support from the second spouse, and except in exceptional circumstances, the court should modify or suspend the prior award. See Lasprogato v. Lasprogato, 127 Conn. 510, 515
(1941), citing Cary v. Cary, 112 Conn. 256, 260 (1930).
The motion to modify is granted, and the defendant's obligation to pay the first mortgage, taxes and home insurance is terminated.
Mihalakos, J.