DIANE PASSAMANO *v.* SALVATORE J. PASSAMANO
(14622)

PETERS, C. J., BORDEN, BERDON, KATZ and PALMER, Js.

Argued September 28—decision released December 7, 1993

*Lynda B. Munro,* with whom was *Lisa A. Faccadio,* for the appellant (plaintiff).

*Charles J. Irving,* for the appellee (defendant).

BERDON, J. The sole issue in this appeal is whether, under the circumstances of this case, an order that the former spouse pay mortgage and real estate taxes on the marital home, which home is to be sold when the youngest child reaches eighteen and the proceeds divided between the parties, constitutes a judicially modifiable order of alimony rather than an assignment of property. We determine that it does not.

In 1984, the trial court, *Budney, J.,* dissolved the seventeen year marriage of the plaintiff, Diane Passamano, and the defendant, Salvatore Passamano. At the time of the dissolution there were two children, ages eleven and thirteen years, issue of the marriage. The parties jointly owned the marital home, subject to a first mortgage that secured a note upon which they were jointly liable. The parties stipulated to the terms of the dissolution, and the terms were incorporated into the decree. The decree included provisions for child custody, visitation and support, and assignment of property. The decree also awarded the plaintiff possession of the home until the youngest child reached the age

of eighteen, at which time the home was to be sold and the proceeds divided equally between the parties. The defendant was required to pay monthly mortgage installments and real estate taxes on the home during this period of time. The plaintiff was required to maintain and pay for homeowner's insurance. The decree specifically provided that any amount of the monthly mortgage installments and real estate taxes that the defendant failed to pay would be deducted from the defendant's share of the proceeds from the sale of the house. Finally, the parties were prohibited from encumbering the property further, absent court approval. The decree contained no provision for alimony, as the plaintiff had expressly waived alimony on the record.

On December 7, 1990, the youngest child of the parties reached the age of eighteen. For reasons undisclosed in the record, however, the plaintiff and the defendant did not undertake to sell the home at that time. The plaintiff continued to live in the home, and to fulfill her responsibilities under the decree. The defendant continued to make mortgage and tax payments.

On July 30, 1991, the defendant filed a "motion to re-open and modify judgment," claiming a "substantial change of circumstances" in that the children had reached the age of majority. The defendant sought an order that the trial court open the decree and terminate his obligation to pay the mortgage installments and real estate taxes.

The defendant argued before the trial court, *Arena, J.,* that the obligation to pay the mortgage and taxes was an order of child support pursuant to General Statutes § 46b-84[1] and therefore, the children having reached

[1] General Statutes § 46b-84 provides in relevant part: "(a) Upon or subsequent to the annulment or dissolution of any marriage or the entry of

age eighteen, the obligation was terminated.[2] He did not raise before the trial court, or even suggest, that this obligation constituted alimony. The trial court denied the motion, holding that the obligation to pay the mortgage and taxes constituted part of the assignment of marital property pursuant to General Statutes § 46b-81,[3] and was therefore not modifiable.[4]

a decree of legal separation or divorce, the parents of a minor child of the marriage, shall maintain the child according to their respective abilities, if the child is in need of maintenance.

"(b) In determining whether a child is in need of maintenance and, if in need, the respective abilities of the parents to provide such maintenance and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child."

[2] A child support order may not extend beyond the child's age of majority unless the parties expressly agree to the contrary. General Statutes § 46b-66; *Gallo* v. *Gallo,* 184 Conn. 36, 46, 440 A.2d 782 (1981).

[3] General Statutes § 46b-81 provides: "(a) At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior court may assign to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect.

"(b) A conveyance made pursuant to the decree shall vest title in the purchaser, and shall bind all persons entitled to life estates and remainder interests in the same manner as a sale ordered by the court pursuant to the provisions of section 52-500. When the decree is recorded on the land records in the town where the real property is situated, it shall effect the transfer of the title of such real property as if it were a deed of the party or parties.

"(c) In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

[4] Courts have no inherent power to transfer property from one spouse to another; instead, that power must rest upon an enabling statute. *Rubin*

The defendant appealed to the Appellate Court. The Appellate Court reversed, concluding that the trial court incorrectly characterized the obligation to pay the monthly mortgage installments and taxes as an assignment of marital property because this obligation constituted an order of periodic alimony pursuant to General Statutes § 46b-82.[5] *Passamano* v. *Passamano,* 28 Conn. App. 854, 612 A.2d 141 (1992).[6] We granted the plaintiff's petition for certification on the following issue: "Under the circumstances of this case, did the Appellate Court improperly conclude that the order

v. *Rubin,* 204 Conn. 224, 228–29, 527 A.2d 1184 (1987). Under General Statutes § 46b-81 (a), the statute that enables the trial court to transfer property in a marital dissolution action, the court does not retain continuing jurisdiction over any portion of the judgment that constitutes an assignment of property. *Bunche* v. *Bunche,* 180 Conn. 285, 289, 429 A.2d 874 (1980). Therefore, a property division order generally cannot be modified by the trial court after the dissolution decree is entered, subject only to being opened within four months from the date the judgment is rendered under General Statutes § 52-212a. The trial court does retain continuing jurisdiction to modify or terminate alimony and child support orders, unless the orders are based on a stipulated agreement that expressly bars future modification. General Statutes § 46b-86; *Barnard* v. *Barnard,* 214 Conn. 99, 114, 570 A.2d 690 (1990).

[5] General Statutes § 46b-82 provides: "At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court may deem desirable, including an order to either party to contract with a third party for periodic payments or payments contingent on a life to the other party. In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

[6] The Appellate Court also rejected the defendant's challenge to the trial court's award of counsel fees to defend the appeal. *Passamano* v. *Passamano,* 28 Conn. App. 854, 856–61, 612 A.2d 141 (1992).

that the defendant pay the mortgage and taxes on the marital home was modifiable as an order of alimony?" *Passamano* v. *Passamano*, 224 Conn. 904, 615 A.2d 1047 (1992).

We agree with the plaintiff that the Appellate Court was not correct in holding that the order obligating the defendant to make mortgage and tax payments on the marital home constituted alimony. The plaintiff clearly and unequivocally waived any claim to alimony. At the time that it entered the decree, the trial court canvassed the plaintiff, explaining that her waiver of alimony was permanent and binding.[7] After a colloquy between the trial court and the plaintiff, in which the plaintiff indicated that she was not seeking alimony, the trial court stated the following: "[T]his is an important day for you, which I think you realize. If the court doesn't order alimony today, which is support for you in effect . . . you will never be able to obtain any alimony in the future. In effect, when you waive alimony today that's it. You will never be able to get alimony from this court or any court. And that is support for yourself. Do you understand that?" The plaintiff answered "yes" on the record. The trial court accepted her express waiver. In determining the nature of the award, the characterization made by the trial court is controlling. *Dubicki* v. *Dubicki*, 186 Conn. 709, 715, 443 A.2d 1268 (1982). In view of the plaintiff's unmistakable waiver of her right to alimony and the absence of an alimony award in the stipulation or decree, the Appellate Court was mistaken in holding that the mortgage and real estate tax payments constituted an award of alimony.[8]

---

[7] We have indicated that if alimony is not awarded in a final dissolution decree, it cannot be awarded in the future based on changed circumstances. *Ridolfi* v. *Ridolfi*, 178 Conn. 377, 379–80, 423 A.2d 85 (1979).

[8] The defendant argues that the plaintiff should be precluded from claiming that the order to make mortgage and tax payments could not be alimony as a result of her specific waiver at the time of the entry of the decree,

The question that remains is whether the trial court correctly characterized the obligation to make these payments as a nonmodifiable assignment of property, rather than an order of child support. Although the decree does not expressly label the obligation at issue, an analysis of the decree clearly indicates that the order to pay the mortgage installments and taxes was intended by the trial court to constitute a division of property pursuant to § 46b-81. When the decree is silent as to the characterization of an order, an analysis of the structure of the dissolution decree is highly instructive; *Blake* v. *Blake,* 211 Conn. 485, 497, 560 A.2d 396 (1989); and an ambiguous order should be examined in the context of the entire decree. *Viglione* v. *Viglione,* 171 Conn. 213, 216, 368 A.2d 202 (1976). These rules must be viewed against the well recognized principle that because every family situation is unique, the trial court drafting a dissolution decree has wide discretion to make suitable orders to fit the circumstances. *Lane* v. *Lane,* 187 Conn. 144, 147, 444 A.2d 1377 (1982); *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 583, 362 A.2d 835 (1975).

because she failed to raise this argument as an alternate ground for affirmance under Practice Book § 4013 (a) (1) (A). Section 4013 provides in relevant part: "If any appellee wishes to . . . present for review alternate grounds upon which the judgment may be affirmed . . . that appellee shall file a preliminary statement of issues within fourteen days from the filing of the appellant's preliminary statement of the issues." It is clear that we cannot consider § 4013 in a vacuum, but rather must consider it in light of Practice Book § 4185. *Peck* v. *Jacquemin,* 196 Conn. 53, 61–62 n.13, 491 A.2d 1043 (1985) (making references to §§ 3012 [a] and 3063 of the Practice Book [1978], predecessors to §§ 4013 and 4185, respectively). Section 4185 provides that the "court on appeal shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial." The defendant never claimed in the trial court, or in the Appellate Court, that the payments at issue in the present case were orders of alimony. Because the Appellate Court of its own accord characterized the payments as alimony, and the plaintiff had no notice of the potential for that characterization, she should not be precluded from relying on her waiver of alimony in the original dissolution proceedings.

The organization of the decree in this matter strongly supports the conclusion that the trial court intended the mortgage and tax payments to be part of the assignment of the property. After the judgment file provides for child support, it further, in a separate paragraph, orders the sale of the marital home and the division of the proceeds between the parties when the youngest child reaches eighteen.[9] The placement of the order to make mortgage and tax payments in the same paragraph as the order to sell the marital home and divide the proceeds is strong evidence that these obligations were intended to constitute an assignment of property. Cf. *Viglione* v. *Viglione,* supra, 217 ("[i]f the state referee intended that the duty to pay [real estate] taxes be treated as child support, it is most unlikely that he would have imposed that obligation by the use of the same clause which sets forth an obligation which is clearly alimony without specifically designating the tax payments as being for the support of the children").

---

[9] The paragraph provides: "AND IT IS FURTHER ORDERED, the wife and children are to reside in the family home located on Cedar Lake Road in Haddam, Connecticut, until the youngest child reaches the age of eighteen years. At that time, the said home is to be sold and the equity after all costs and expenses and encumbrances have been paid, shall be divided equally between the parties. However, if the defendant husband misses any payments of support or taxes or mortgage payments as set forth therein, they shall be deducted from his share of the equity upon sale of the premises to a third party or to the wife. The wife shall have the option to purchase the defendant's interest in said home within sixty days of the youngest child reaching the age of eighteen years. In the event that the fair market value for said purchase by wife, cannot be agreed upon, then each party shall obtain a real estate appraiser to determine fair market value and if the appraisers arrive at differing figures, the fair market value will be set at the average of the two appraisals. From this Date, the defendant shall pay all mortgage payments on said real property and shall pay all real estate taxes commencing with the tax due on January 1, 1985, which represents the second half of the tax bill of the tax list of October, 1, 1983. Additionally, the parties shall not further encumber the property without further order of the court. The plaintiff shall pay for homeowners insurance and to keep same in effect in amounts which will cover the full equity of the parties in the said premises."

Further evidence that the order to pay mortgage installments and taxes is an assignment of property is found in the provision of the decree that provides that if the defendant fails to pay them, "they shall be deducted from his share of the equity upon sale of the premises to a third party or to the wife."

The defendant argues, however, that the order to pay future monthly mortgage installments and taxes is an order to pay debts that will accrue after the date of the dissolution decree, and as such is contrary to our well established case law defining the scope of assignable property under § 46b-81. *Eslami* v. *Eslami,* 218 Conn. 801, 806–808, 591 A.2d 411 (1991); *Rubin* v. *Rubin,* 204 Conn. 224, 228–32, 527 A.2d 1184 (1987). *Rubin* and its progeny do not involve, however, the assignment of a present property interest and how the assignment can be structured. In *Rubin,* we held that § 46b-81 does not authorize the distribution of a contingent one-third share of any assets that the husband might acquire through a future inheritance upon his mother's death. *Rubin* stands for the proposition that the mere possibility of a future interest is not assignable as a property interest under § 46b-81. The present case, however, involves an obligation of a different nature than the mere expectation of an inheritance at issue in *Rubin.*

The order to make mortgage and tax payments in the present case, together with the order that the plaintiff maintain and pay for homeowner's insurance, constitute a structure for the division of an asset of the parties, the marital home. The trial court's interpretation of the dissolution decree in the present case was consistent with several basic principles. First, § 46b-81 grants jurisdiction to order one party to assume the joint liabilities of the parties. *Beede* v. *Beede,* 186 Conn. 191, 196–97, 440 A.2d 283 (1982); *Clement* v. *Clement,* 27 Conn. App. 364, 369, 606 A.2d 36 (1992) (uphold-

ing the assignment of a mortgage liability to one party). Second, an assignment of property may properly be ordered in installments rather than in a lump sum transfer. *Siracusa* v. *Siracusa,* 30 Conn. App. 560, 564, 621 A.2d 309 (1993).

Most importantly, in assigning an asset of the parties pursuant to § 46b-81, the court has jurisdiction to assign possession of the asset until the occurrence of a future event, such as the children reaching their majority, even though the court does not retain jurisdiction to modify the assignment of the property subsequent to the decree. *Croke* v. *Croke,* 4 Conn. App. 663, 496 A.2d 235 (1985) (trial court had jurisdiction to assign to a former spouse, as part of the division of the property under § 46b-81, the right to have possession of the house until the youngest child reached the age of eighteen). It stands to reason that if the trial court, when making a division of property under § 46b-81, can assign a party the exclusive possession of the marital home for a period of years followed by a sale and division of the equity, it can also order one of the parties, in accordance with the parties' agreement, to pay the monthly mortgage payments and the real estate taxes during that period of time as part of the division of the real property.[10] See *Wolk* v. *Wolk,*

[10] We recognize that the Appellate Court in *Berg* v. *Berg,* 24 Conn. App. 509, 589 A.2d 885, cert. denied, 219 Conn. 908, 593 A.2d 135 (1991), held that a decree ordering a former spouse, not in possession, to share in the costs of future repairs of the marital home until its sale upon the children reaching age eighteen constituted an order of alimony and not a property division under General Statutes § 46b-81. The order in *Berg* was, however, distinguishable from the order in the present case. First, unlike future repairs, an obligation of uncertain existence and magnitude, the obligation to pay mortgage installments and real estate taxes was a regularly accruing certainty. Second, the mortgage and tax payments order in the present case, unlike the repair obligation of *Berg,* was part of the structure of the property division of the marital home. The decree provided that should the defendant fail to make any mortgage or tax payments, the missed payments "shall be deducted from his share of the equity upon sale of the premises

191 Conn. 328, 332, 464 A.2d 780 (1983); 7 A. Rutkin, E. Effron & K. Hogan, Connecticut Practice Series: Family Law and Practice (1991) § 28.8. " 'The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage. Without this wide discretion and broad equitable power, the courts in some cases might be unable fairly to resolve the parties' dispute, i.e., where the sole asset of the parties is their residence to which both have contributed. . . .' " *Sunbury* v. *Sunbury,* 210 Conn. 170, 174, 553 A.2d 612 (1989).

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to affirm the judgment of the trial court.

In this opinion the other justices concurred.

. . . ." Although we distinguish *Berg* from the present case, we do not wish to imply that an order directing a party to pay future expenses for repairs on a home that is to be subsequently sold and the proceeds divided pursuant to § 46b-81 must be something other than a division of property. We leave that issue for another day.