[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FORMODIFICATION DATED SEPTEMBER 15, 1993 (#125) ANDPLAINTIFF'S MOTION FOR CONTEMPT DATEDDECEMBER 22, 1993 (#127)
The court having heard the parties and their testimony, together with the respective post trial briefs and further having considered the applicable Connecticut General Statutes including §§ 46b-86(a), 46b-82 and also applicable case law, makes the following findings and orders.
(1) In accordance with the stipulation of the parties, all orders are retroactive to and effective September 27, 1993.
(2) As regards the defendant's motion for modification dated September 15, 1993, the court finds that the defendant has CT Page 5844 experienced a substantial change in circumstances as of September 27, 1993 viz-a-viz October 28, 1992 in that the defendant lost his job at Xerox with a base salary of $113,400.00, was unemployed for a period of time and now has become re-employed at Pipkins at a salary of $1,000.00 gross per week to be changed to $769.23 gross per week plus commissions effective February 1, 1994. However, defendant's living expenses have also decreased substantially.
The plaintiff's financial circumstances have also changed in that her employment income shows modest increase and her living expenses have also decreased substantially.
(3) By virtue of the substantial change in the defendant's financial circumstances, pursuant to Connecticut General Statute § 46b-86 (a) the provisions of § 46b-82 are invoked. Further, the courts analysis in determining modified alimony is not limited or controlled by the language of the parties' agreement dated October 28, 1993 calling for alimony of 28% of the defendant's gross income.
Therefore, effective September 27, 1993 and continuing to and including January 31, 1994, the defendant shall pay to the plaintiff the sum of $190.00 per week as periodic alimony. Commencing February 1, 1994, and continuing thereafter the defendant shall pay to the plaintiff, the sum of $85.00 per week plus 25% of all gross commissions earned by the defendant.
Both the defendant's motion for modification dated September 25, 1993 and the plaintiff's motion for contempt dated December 22, 1993 requests the court to address the issue of certain mortgage payments on the marital residence namely the mortgage payments for the months of September, October, November and December, 1993. The court having considered the same orders that such mortgage payments together with any late payment charges shall be paid equally by the court.
The court also finds that the case of Passamano v. Passamano,228 Conn. 85 (1993) is not applicable. The Passamano case indicates a case-by-case analysis.
An analysis of the instant case indicates that the underlying pendente lite order that the defendant be responsible for "mortgage payments" is incident to the plaintiff's motion for alimony.
The nature of the payments are periodic and contemplated for CT Page 5845 a short period of time i.e., until the marital residence is sold.
The marital residence "shall be immediately listed for sale at $370,000.00." See Agreement ¶ 3.1 (emphasis added by court).
The listing price is substantially less than the plaintiff's value per her financial affidavit dated October 28, 1992 but more than the defendant's value per his financial affidavit dated October 24, 1992, thereby suggesting a compromise listing price in an effort to sell the property quickly.
The "mortgage payment" amount converts to the approximate amount of the alimony payments upon the sale of the marital residence and are subject to modification and/or termination under certain conditions in accordance with the parties agreement in addition to the provisions of Connecticut General Statutes 46b-86.
All in all, the court concludes that the "mortgage payments" are alimony in nature and therefore are modifiable.
(4) The defendant is not found in contempt of court.
(5) The court does not award any attorney's fees to either party.
MORAN, J.