## DONALD H. FIDDELMAN *v.* POPCORN REDMON
### (12489)

FOTI, LAVERY and SCHALLER, JS.

Argued December 7, 1994—decision released April 4, 1995

*Richard L. Albrecht*, for the appellant (defendant).

*Kathleen A. Hogan,* with whom, on the brief, was *Arnold H. Rutkin,* for the appellee (plaintiff).

LAVERY, J. The issue in this appeal is whether the termination of a birdnesting arrangement by giving the plaintiff exclusive possession of the marital home constituted a modification of the dissolution property distribution order or a modification of the custody and visitation order. The trial court found that it was a modification of the custody and visitation order, and we affirm the judgment of the trial court.

The pertinent facts are as follows. After a lengthy trial, the marriage of the parties was dissolved on June 13, 1991. Both sought sole legal custody of their two minor children, born January 2, 1986, and May 8, 1987. This issue was vigorously litigated, and the children were represented by counsel.

The trial court, *Freedman, J.,* awarded sole legal custody of the minor children to the plaintiff. It ordered shared physical custody and approved an arrangement that had been agreed on by the parties in which the children lived in the marital residence with the defendant for five days a week, and then the defendant would leave and the plaintiff would move in for the weekend. This practice is called birdnesting.

The trial court ordered the immediate listing for sale of the parties' jointly owned marital home in Greenwich where the birdnesting took place, and it ordered the payment of $250,000 to the defendant upon its sale. The trial court's orders stated in the memorandum of decision: "Until the sale and closing on the Greenwich property, or until the defendant wife elects to vacate said premises, whichever event shall first occur, the parties shall continue the 'birdnesting' arrangement that is presently in existence except that it shall be for the times hereinabove ordered. *That is, each party shall*

*have the exclusive use and occupancy of said premises during such period of time that the children are residing with that party. . . .* Until the sale and closing on the Greenwich property the plaintiff husband shall pay when due, and be responsible for, all costs in connection with said premises including mortgage, real estate taxes, homeowners insurance, utilities and routine maintenance and repairs." (Emphasis added.)

The parties appealed from the trial court's decision. While the appeal was pending, the plaintiff filed motions for temporary exclusive possession and for modification of the allocation of parents' time with the children; the defendant sought a modification of custody. The trial court, *Novack, J.,* heard the three motions together before the decision on the appeal from the dissolution action.

Testimony was presented on twenty-five trial days during which over 100 exhibits were offered. A guardian ad litem, who was represented by counsel, was appointed for the children. The trial court heard evidence from Herbert Sacks, a psychiatrist, Stephen Herman, a psychiatrist the court appointed as evaluator, and Albert McGoldrick, a family services counselor, that the birdnesting should end. The guardian ad litem concurred with these recommendations. Judge Novack found that there was a substantial change in the circumstances regarding the best interests of the children since the dissolution of June 13, 1991. The trial court based its finding on the testimony of the experts. The court found that the present arrangement was not working and that changing the living arrangement of the children was necessary. The court awarded sole legal and physical custody to the plaintiff and liberal visitation rights to the defendant. The court further found that it was in the children's best interests for them to continue living in the family residence for a period of time and that it was not in their best inter-

ests for both parents to continue living in the residence. The court ordered that the plaintiff and the children would have exclusive possession of the family home and that the defendant should vacate. The court further ordered that "because the welfare of the children is at stake, this order will not become automatically moot when the Appellate Court issues its decision. The orders impact on parenting time and will continue until further order of this court or the Appellate Court." In addition, the court made the orders effective immediately and ordered that there would be no stay if there was an appeal. In response to a motion for articulation, the trial court stated: "The reason why the court directed that the exclusive possession order 'will not become automatically moot . . . . is that the evidence revealed that a crisis existed, particularly for the older child of the parties, because of the environment created by the parties' interaction in living under a birdnesting arrangement. It was the unanimous opinion of the experts who testified, as well as the guardian ad litem, that birdnesting should terminate and the children should reside with their father in the marital home. Therefore, it was clearly in the children's best interests that the order entered by this court not be changed without some basis for the change.

"This court did not hear the motion for exclusive possession in a vacuum. It heard this motion in conjunction with the other two motions involving parenting time and custody. It entered all orders on the basis of the best interest of the children. Other than action by the Appellate Court, this court intended all its orders to remain in effect, unless they were modified by subsequent hearings."

The defendant appealed claiming that giving the exclusive possession of the marital home to the plaintiff was a modification of the property distribution,

which was not modifiable, and not a modification of custody and visitation, which is modifiable. We find no merit in the defendant's claims.

We affirmed the original dissolution action and certification to appeal to the Supreme Court was denied. *Fiddelman* v. *Redmon*, 31 Conn. App. 201, 623 A.2d 1064, cert. denied, 226 Conn. 915, 628 A.2d 986 (1993). We stated in the opinion with reference to the bird-nesting arrangement: "This exclusive use and occupancy coincides with the period of time that each party will reside with the children according to the custody orders." Id., 207.

Absent waiver, consent, submission to jurisdiction or statutory exception, the court is without subject matter jurisdiction to modify or correct a final judgment after the four month period for opening or setting aside a civil judgment has passed pursuant to General Statutes § 52-212a. *Kenny* v. *Kenny*, 226 Conn. 219, 222, 627 A.2d 426 (1993); *Bunche* v. *Bunche*, 180 Conn. 285, 289, 429 A.2d 874 (1980). The court, however, retains continuing jurisdiction to modify final orders for the periodic payment of alimony or support, and the care, custody and visitation of minor children, subject to proof of certain conditions as provided in General Statutes §§ 46b-86 and 46b-56. The court does not retain "continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other under General Statutes § 46b-81." *Bunche* v. *Bunche*, supra, 289.

The defendant claims on the basis of the Supreme Court's ruling in *Passamano* v. *Passamano*, 228 Conn. 85, 634 A.2d 891 (1993), that the trial court's order to the defendant to vacate the home was a modification of an order for the assignment of the plaintiff's property to the defendant pending sale.

In *Passamano*, our Supreme Court stated: "When the decree is silent as to the characterization of an order, an analysis of the structure of the dissolution decree is highly instructive; *Blake* v. *Blake*, 211 Conn. 485, 497, 560 A.2d 396 (1989); and an ambiguous order should be examined in the context of the entire decree. *Viglione* v. *Viglione*, 171 Conn. 213, 216, 368 A.2d 202 (1976)." Id., 91.

The defendant claims that the provision relating to the use of the home must be a property assignment, under the rationale of *Passamano*, because it follows three paragraphs relating to the assignment of property. A review of the dissolution action's memorandum of decision shows, however, that ten of the eleven paragraphs that follow the subject paragraph set forth orders in the nature of alimony and support. Thus, the defendant's analysis based on proximity is inconclusive and without merit.

In addition, the circumstances in *Passamano* in which proximity had some significance are distinguishable from those in this case. In *Passamano*, the court was concerned with determining whether a provision requiring a party to pay specified monthly expenses relating to the marital home constituted a part of the property distribution. The court noted there that the subject order appeared *in the same paragraph* as other orders that clearly were part of the property distribution. *Passamano* v. *Passamano*, supra, 228 Conn. 92. Nothing in that decision suggests that the proximity of separate paragraphs to one another has any significance.

*In the context of the entire dissolution decree,* the division between the provision concerning the occupancy of the home and those concerning custody, alimony and child support is immediately apparent. The defendant cannot prevail on her claim that the provision relating to use of the home is a property assignment.

It is clear from the decisions by the trial court, the modification court, and this court that the exclusive use and occupancy of the Greenwich home was based solely on that period of time that the children were to reside with the party. In effect, the trial court awarded possession of the marital home to the children, giving each parent during his and her time of legal custody the right to occupy the house with the children exclusive of the other parent until the house is sold. Possession of the marital home in a birdnesting arrangement is not a property assignment but is part of the custody award.

The defendant's other claim is that the trial court went beyond the plaintiff's motion in ordering exclusive possession of the home to the plaintiff beyond the period of time requested in the plaintiff's motion. In the plaintiff's motion, the plaintiff asked for the temporary exclusive possession of the marital home pending the resolution of the postjudgment motions and appeal in this matter. The defendant claims that even if the award of exclusive possession to the plaintiff is valid, it had to cease upon the resolutions of the pending motions and appeal in this matter. We disagree.

The defendant claims that a trial court hearing a custody and visitation matter is limited in fashioning the custodial order to adopting the specific custodial arrangement sought by one of the parties. Under Connecticut law, the trial court's discretion as to custody and visitation issues is not limited in that fashion. It has long been established that the court has an independent duty to inquire into custody arrangements even when the parties are in agreement; *Strohmeyer* v. *Strohmeyer*, 183 Conn. 353, 355, 439 A.2d 367 (1981); and that a custody agreement will not be recognized or enforced if it does not appear to be in the best interests of the child. *Burke* v. *Burke*, 137 Conn. 74, 80, 75 A.2d 42 (1950); *Krasnow* v. *Krasnow*, 140 Conn. 254, 260, 99 A.2d 104 (1953). Further, it has been recog-

nized that in contested custody proceedings, the interests of one or both of the parents may be adverse to the best interests of the child. See *G. S.* v. *T. S.*, 23 Conn. App. 509, 582 A.2d 467 (1990).[1] In summary, the Connecticut law as to custody determinations pursuant to General Statutes § 46b-56 is that the court has an independent duty to determine an arrangement that meets the best interests of the child and is not limited to adopting the claims of one or both of the parents.

The judgment of modification of custody and visitation is affirmed.

In this opinion the other judges concurred.

---

[1] We received a fax transmission on the day of oral argument in this appeal from the counsel for the guardian ad litem of the children that stated in part: "The issue being argued today is a purely legal issue which does not have any bearing on the question of custody or the best interests of the children. Neither I nor the Guardian have taken a position on the question before the court today; we both feel that it has been expertly briefed by both of the parties' attorneys. Both of the parties' attorneys have been notified and consulted, and both have agreed that the presence of the children's attorney and guardian is unnecessary. Among the attorneys, our presence was never expected."

We disagree with the assessment that the guardian for the children had no role in the issues on appeal. The issues do concern custody and the best interests of the children. We refer the guardian and counsel to *G. S.* v. *T. S.*, supra, 23 Conn. App. 509, for future direction and guidance. See also *Jaser* v. *Jaser*, 37 Conn. App. 194, 197–200, 655 A.2d 790 (1995).