[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By motion dated March 18, 1999, the defendant husband moved for an order restraining the plaintiff from allowing any contact with or exposing the parties minor children to any unrelated male companions. On April 5, 1999, the Court heard this motion which effectively would prohibit contact between any unrelated male companion and the three young children of the parties. At the time of the hearing, the persons who would be affected by this CT Page 7055 motion were John McCann as well as the plaintiff. The plaintiff failed to appear and her counsel proceeded in her absence. The attorney for the minor child was also present and participated in the proceedings. The defendant testified that he was threatened by the plaintiff that if he did not leave the marital home, the plaintiff was going to take the children and leave the area so that he then decided to vacate the marital home on a voluntary basis. Defendant testified that he was concerned for the safety and welfare of the children because John McCann, plaintiff's boyfriend, had moved into the marital home and was residing therein. He testified that McCann's presence was also having a negative effect, particularly on the youngest daughter. He was also concerned because of what two ex-wives had reported concerning McCann. After extensive examination, cross-examination by the parties' attorney and the attorney for the minor child, the Court ordered that the plaintiff have no contact with the three minor children of the parties. The Court neglected to give the defendant's attorney or the attorney for the minor child time to argue the motion. It was a short calendar day and the docket was extremely heavy but, nonetheless, counsel should have been afforded the right to argue.
Subsequent to this, the Court heard a full length hearing on a motion I to reargue, as well as a motion for contempt brought by the defendant claiming that Mr. McCann did in fact have contact with the children subsequent to April 5, 1999 in violation of the Court's order. This ruling is applicable to both the motion for contempt as well as the motion for rearguement. The evidentiary hearings were held on June 7 and June 8, 1999. The Court finds that there was credible evidence that the plaintiff deliberately violated the order of the Court by allowing Mr. McCann to have contact with the minor children. The Court finds that the plaintiff was not only evasive, but was untruthful.
The plaintiff claims that the no contact order is required primarily because of McCann's reputation. A highly experienced Family Relations Officer, Leslie Raider, who testified, recommended no contact because of the serious consequences it has on the three children. Basically, her testimony is that if a new male takes the place of the father during a highly contested pre-dissolution period, this adds to the already overwhelming difficulties that the children are forced to cope with, and it is an added burden that is not needed. Defendant takes the position that he has established that Mr. McCann is unsuitable to be CT Page 7056 around the parties' children. Ms. Raider's position is that in most instances children are effected by the presence of a new father figure. It is obvious that "suitability" is highly relative and in a court proceeding hard to adjudicate. In some instances, the lifestyles of the parties do not warrant the intervention of the Court. In fact, the Court would not be justified in taking any action unless one of the parties complained and laid some foundation for a "no contact" order. The Court must also concern itself with whether it is a prejudgment matter or whether it is post-judgment. The motives of the parties must also be weighed. The ultimate decision the Court shall make is what is in the best interest of the children of the parties. The Court heard the testimony of Mr. McCann, the parties and character witnesses for Mr. McCann. In addition, the principal of St. Mary's Parochial School in Bethel testified that she observed Mr. McCann have contact with the minor children at her school subsequent to the April 5, 1999 order. Plaintiff, during her testimony, denied contact until she was confronted with actual testimony insisted that any contact between Mr. McCann and the three children was purely coincidental. The Court was not persuaded by this claim. The decision of the Court is to in no way suggest that the parties to a dissolution and their respective male or female friend be precluded from associating with one another, but when testimony is elicited showing that the child or children are affected by the contact, the Court must prohibit same. If the relationship ends up in marriage, the Court must give serious consideration to the new relationship. The Court finds that the plaintiff willfully violated the Court order of April 5, 1999. The Court orders that the defendant be awarded the sum of $1000 to be paid by the plaintiff on account of attorney's fees within thirty days from the date of this ruling.
The plaintiff, by way of argument and in either justification or mitigation of plaintiff's conduct, suggests that the Connecticut Rules of Court provide for an automatic stay of the order that was entered on April 5, 1999. The Connecticut Rules of Court make no such suggestion. The plaintiff concedes there is no case law, statute or Practice Book section directly in point. Nonetheless, the plaintiff chose to violate the Court's order without coming back to the Court or to address the matter of the stay. In the matter of Gallo v. Gallo, 184 Conn. 36 (1981), the Court discussed various visitation restrictions, particularly where cohabitation of adults affected the welfare of the children. The Gallo Appellate Court found that the trial court's decision should be modified, but treated the Court's order in CT Page 7057 terms of the restriction as a custody and visitation order. Clearly, the Court's order in the present case involved the issue of custody and visitation and was not a property order.
A similar claim of the Court's jurisdiction was raised inFiddelman v. Redmon, 37 Conn. App. 397, 656 A.2d 234 (1995), wherein the trial court granted temporary exclusive possession to the parties' residence to one of the parties. The court had entered its orders on the basis of the best interests of he children as the court has done in the present case. The court inFiddelman intended all its orders to remain in effect, unless modified by subsequent hearings. So that there can be no misunderstanding, this Court retains continuing jurisdiction over custody and visitation of minor children and will continue to do so. The matter before the Court obviously does not concern assignment of property from one party to the other.
Owens, J.