[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO REOPEN, #101
CT Page 8763
The plaintiff has moved to reopen this action for custody, which the court dismissed on June 18, 1999, for failure to prosecute with diligence under Practice Book section 14-3[1] pursuant to the court dormancy program. The plaintiff claims that section 46b-56 of the general statutes grants the court continuing jurisdiction over all dismissed custody actions, For the foregoing reasons, the court denies the motion to reopen.
Section 46b-56 (a) provides that "[i]n any controversy before the Superior Court as to the custody or care of minor children, and at any time after the return day of any complaint under section 46b-45, the court may at any time make or modify any proper order regarding the . . . care, custody and visitation if it has jurisdiction under the provisions of chapter 815o." Chapter 815o contained the now-repealed provisions of the Uniform Child Custody Jurisdiction Act, which effective July 1, 2000, the legislature supplanted with the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), General Statutes §§ 46b-115
et seq. Under § 46b-115k (a) of the new UCCJEA, a court of this state has jurisdiction to make an "initial custody determination" only if one of six criteria set forth in that statute are met.[2] Section 46b-115k (b) provides that "[s]ubsection (a) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this state." Under the plaintiffs theory, a dismissed custody action would trump those jurisdictional requirements for entering an initial custody determination. The plaintiff's position would allow a party to bring a custody action in Connecticut, not pursue that action and suffer dismissal for failure to pursue the case with diligence or pursuant to a dormancy program, and yet later, years afterward, when none of the six jurisdictional prerequisites of the UCCJEA was in effect, have a court reinstate that action and enter initial custody orders. Such a result is inconsistent with the limited grant of jurisdiction to make initial custody determinations provided by the UCCJEA.
The plaintiff misreads the effect of § 46b-56. This court does not read the statute as extending its jurisdiction over dismissed custody actions, and no case of our appellate courts so holds. Instead, the continuing jurisdiction bestowed by § 46b-56 applies to custody decrees setting forth the terms for the care, custody or visitation or a minor child entered as a judgment by the courts of this state. Cooksonv. Cookson, 201 Conn. 229, 236, 514 A.2d 323 (1986); Fiddelman v.Redmon, 37 Conn. App. 397, 401, 656 A.2d 234 (1995). Such a reading of the statute is consistent with the language and intent of the UCCJEA, which permits initial custody determinations only under defined circumstances and then vests continuing jurisdiction only where the court CT Page 8764 has initially made a child custody determination. General Statutes §46b-115l (a).
Dismissal of a case from the court's docket under the dormancy program is a final judgment. Jenkins v. Ellis, 169 Conn. 154, 160, 362 A.2d 831
(1975); Lake Garda Co. v. Lake Garda Improvement Assn., 156 Conn. 61,238 A.2d 393 (1968). "Absent waiver, consent, submission to jurisdiction or statutory exception, the court is without subject matter jurisdiction to modify or correct a final judgment after the four month period for opening or setting aside a civil judgment has passed pursuant to General Statutes § 52-212a."[3] Fiddelman v. Redmon, 37 Conn. App. 397,401, 656 A.2d 234 (1995). The plaintiffs position would have the effect of rendering nugatory any dismissal of a custody action.
More than four months have elapsed since entry of the judgment of dismissal here. The plaintiff does not claim the benefit any of recognized the exceptions permitting a court to exercise "substantive authority to adjudicate the merits" of a case; Kim v. Magnotta,249 Conn. 94, 104, 733 A.2d 809 (1999); after that period.[4] The court therefore concludes that the constraints of General Statutes § 52a-212a, [52-212a], and Practice Book § 17-4 require it to decline to exercise such substantive authority to adjudicate this case here. Accordingly, the motion to reopen is denied.
SO ORDERED.
BY THE COURT
 ___________________________ STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT