BARBARA JACKSON *v.* JOSEPH JACKSON
(6494)

DUPONT, C. J., O'CONNELL and NORCOTT, Js.

Argued November 19, 1988—decision released February 7, 1989

*Sydney T. Schulman,* with whom, on the brief, was *Otto P. Witt,* for the appellant (defendant).

*Christine M. Whitehead,* for the appellee (plaintiff).

DUPONT, C. J. In this appeal from the judgment dissolving his marriage, the defendant claims that the trial court erred (1) in failing to apply properly the criteria set forth in General Statutes § 46b-81 (c), (2) in finding that inherited property was included in the marital estate, and (3) in awarding one-half of the appreciation in the value of the inherited property to the plaintiff.

The parties were married on September 16, 1960. There are four children of the marriage, all of whom were over the age of eighteen at the time of the dissolution. Both parties were employed at the time of the dissolution and neither made a claim for periodic alimony. During the course of the marriage, the parties lived at 129-131 Mansfield Street in Hartford, a three family home owned by the defendant's parents. In 1977, the defendant inherited the Mansfield Street house. The value of the house for probate purposes was $25,000.

The trial court found that the marriage of the parties had broken down irretrievably and awarded the plaintiff a property settlement of $35,500. The award was based on the current appraised value of the Mansfield Street property at $102,400. The property settlement award represented one-half of the appreciation on the Mansfield Street property since the time that

the defendant had inherited the property, less a 6 percent real estate commission. The trial court ordered the defendant to execute a mortgage deed and note and further ordered that, if the defendant failed to execute the mortgage deed and note, title to the property "shall transfer in accordance with [General Statutes §] 52-22 to the plaintiff." The trial court, in its decree, made various other orders, none of which is at issue in this appeal. It is the property award of $35,500 to which the defendant assigns his three claims of error.

The defendant's first claim is that the trial court abused its discretion by failing to apply properly the criteria set forth in General Statutes § 46b-81 (c)[1] in awarding the plaintiff the property settlement of $35,500. Specifically, the defendant contends that the trial court's decision does not indicate that any consideration was given to the respective contributions of the parties to the acquisition, preservation or appreciation of the Mansfield Street property.

Our review of the record indicates that the trial court properly considered the applicable statutory criteria. The trial court expressly stated that it considered all the factors set forth in § 46b-81 (c). The court further indicated that the length of the marriage, the ability

[1] General Statutes § 46b-81 (a) provides in pertinent part: "At the time of entering a decree anulling or dissolving a marriage . . . the superior court may assign to either the husband or wife all or any part of the estate of the other." The factors that the trial court must take into account are enumerated in General Statutes § 46b-81 (c), which provides that, "[i]n fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party . . . shall consider the length of the marriage, the causes for the annulment, dissolution of marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

of the parties to acquire future assets, and the financial contribution of the parties to the marriage weighed significantly in its determination of the property award.

" 'The court is not obligated to make an express finding on each of [the] statutory criteria.' *Weiman* v. *Weiman,* 188 Conn. 232, 234, 449 A.2d 151 (1982). A ritualistic rendition of each and every statutory element would serve no useful purpose. While the trial court must consider the delineated statutory criteria, no single criterion is preferred over the others, and the court is accorded wide latitude in varying the weight placed upon each item under the peculiar circumstances of each case. *Valante* v. *Valante,* 180 Conn. 528, 531, 429 A.2d 964 (1980)." *Carpenter* v. *Carpenter,* 188 Conn. 736, 740–41, 453 A.2d 1151 (1982); see also *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983).We cannot conclude that the trial court in this case failed to apply the statutory criteria correctly in determining the financial award.

The defendant's second claim of error is that the trial court erred in finding that inherited property is included in the marital estate for purposes of a property award. The defendant claims that such inclusion violates General Statutes § 46b-36, which provides in pertinent part that "[n]either husband nor wife shall acquire by the marriage any right to or interest in any property held by the other before or acquired after such marriage, except as to the share of the survivor in the property as provided by Section 45-273a."

General Statutes § 46b-81 (a) provides in pertinent part that "[t]he superior court may assign to either the husband or wife all or any part of the estate of the other." The "estate" of a party, as contemplated by the statute, includes any property a party may have received through inheritance. *North* v. *North,* 183 Conn. 35, 39, 438 A.2d 807 (1981). "Although a party

may have received property through inheritance, assigning such property to the other spouse does not violate § 46b-36."[2] Id., 39–40.

The defendants final claim is that the trial court abused its discretion in awarding one-half of the appreciation in the value of the Mansfield Street property to the plaintiff. The defendant argues that the record indicates that the plaintiff did not contribute in any fashion to the appreciation of the property and that the defendant maintained the property, collected the rents, paid all bills related to the property and made substantial improvements to the property. The defendant contends that even if the Mansfield Street property is marital property, the trial court erred in awarding one-half of the appreciation in the value of the property to the plaintiff when she did not contribute to the appreciation of the property.

"In a dissolution action, marital property is valued as of the date of dissolution . . . ." *Zern* v. *Zern,* 15 Conn. App. 292, 296, 544 A.2d 244 (1988). Thus, the value of the Mansfield Street property for purposes of determining the property settlement was $102,400, the appraised value of the property as of the date of dissolution. While the extent to which the efforts of a spouse may have contributed to the appreciation in the value of property should be considered by the trial court in determining the division of that property incident to a dissolution action, this does not require deviation from the general rule that the parties' assets are to be valued as of the date of dissolution. Id. The trial court did not err because it considered the appropriate statutory

---

[2] As this case involves an actual inheritance by one of the parties during the course of the marriage, rather than a potential inheritance, it does not implicate the rule of *Krause* v. *Krause,* 174 Conn. 361, 387 A.2d 548 (1978). See also *Rubin* v. *Rubin,* 204 Conn. 224, 527 A.2d 1184 (1987).

criteria, including the respective contributions of the parties, to the appreciation of the property.

There is no error.

In this opinion the other judges concurred.