SHERRILL WERBLOOD *v.* LAWRENCE BIRNBACH
(13820)

Heiman, Spear and Hennessy Js.

Argued January 11—officially released June 18, 1996

*Michael A. Meyers*, with whom, on the brief, was *Patricia C. Reath*, for the appellant (defendant).

*Gina A. Pasquini*, for the appellee (plaintiff).

HENNESSY, J. The defendant, Lawrence Birnbach, appeals from the judgment of the trial court in this dissolution matter claiming that the trial court (1) improperly found that the defendant's earning capacity is equal to that of the plaintiff. He also claims that the trial court abused its discretion (2) in permitting the plaintiff to remain in the marital residence for four years, (3) in ordering the defendant to pay $600 per month to the plaintiff as a contribution to the payment of the joint mortgage debt, and (4) in its distribution of the marital assets. We affirm the judgment.

The trial court found the following facts. The parties, parents of one minor child, were married in 1981. Both parties have doctoral degrees in child psychology and each has developed a private practice in that field. The plaintiff, Sherrill Werblood, earned twice as much money as the defendant because she worked twice as many hours as he. The defendant devoted more of his time trying to obtain patents for his inventions and pursuing unsuccessful investments. The court found neither party at fault for the breakdown of the marriage.

The trial court entered the following orders pertinent to this appeal. Neither party was awarded alimony, but the defendant was ordered to pay a $1500 arrearage in temporary alimony payments. The trial court ordered joint legal custody of the minor child with the child's primary residence to be with the plaintiff. The defendant was ordered to pay $1000 per month in child support and $600 per month toward the joint mortgage debt on the house until its sale or transfer to the plaintiff. When the house is sold or transferred, the defendant would receive a credit for one half of the total payments he had made toward the joint mortgage debt. The house

was ordered listed for sale on July 1, 1998, but the plaintiff was allowed to purchase it earlier. The parties were to share equally in the proceeds of the sale. The trial court also ordered the division of the parties' personal property, the details of which we will address and set forth as necessary to resolve the issues on appeal.

## I

The defendant first claims that the trial court improperly found that "the defendant's earning capacity is equal to the plaintiff's." The defendant argues that the record does not support a finding that an increase in his work hours would result in increased income or that he was spending any time on "personal pleasures and investments."

"The standard of review in family matters is that this court will not disturb the trial court's orders unless it has abused its legal discretion or its findings have no reasonable basis in fact. . . . It is within the province of the trial court to find facts and draw proper inferences from the evidence presented. *Solomon* v. *Aberman*, 196 Conn. 359, 378, 493 A.2d 193 (1985)." (Citation omitted; internal quotation marks omitted.) *Karen* v. *Parciak-Karen*, 40 Conn. App. 697, 703, 673 A.2d 581 (1996). "The trial court is accorded wide discretion in determining the proper allocation of the assets of the parties. . . . [G]reat weight is given to the judgment of the trial court because of its opportunity to observe the parties and the evidence. . . . [W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, these facts are clearly erroneous." (Internal quotation marks omitted.) Id. "This court cannot retry the facts

or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . *Rosick* v. *Equipment Maintenance & Service, Inc.*, 33 Conn. App. 25, 40–41, 623 A.2d 1134 (1993)." (Internal quotation marks omitted.) *Schult* v. *Schult,* 40 Conn. App. 675, 682, 672 A.2d 959 (1996).

The trial court found that the plaintiff's net annual income was $88,000, and that the defendant's net annual income was $50,000. The trial court further found that the defendant had the ability to earn as much money as the plaintiff by increasing his work hours and spending less time on personal pleasures and investments. The defendant relies on *Yates* v. *Yates,* 155 Conn. 544, 549–50, 235 A.2d 656 (1967), in which our Supreme Court concluded that the findings of fact in that case did not support the trial court's conclusion that the defendant could earn more money.

The record contains evidence to support the trial court's determination that the defendant's earning capacity is equal to that of the plaintiff. Both parties have doctoral degrees and are clinical psychologists in private practice. The defendant has completed seven years of postdoctoral work, whereas the plaintiff has completed only one. Instead of pursuing his profession, the defendant chose to spend time trying to obtain patents and to involve himself in unsuccessful investments. The defendant made less money in his profession than most people with comparable levels of experience. On the basis of this evidence, the trial court could have reasonably concluded that the defendant's earning capacity is equal to that of the plaintiff.

## II

The defendant next contends that the trial court abused its discretion by permitting the plaintiff to remain in the marital residence for four years. The defendant claims that this order was based on the trial court's clearly erroneous finding that the child could attend the same elementary school until she entered high school. The defendant further contends that the expenses of maintaining the home are so high that they could not be met through the plaintiff's income and the court-ordered payments from the defendant. "In order to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did." *Sweet* v. *Sweet*, 190 Conn. 657, 664, 462 A.2d 1031 (1983).

The trial court found that "it is in [the child's] best interest to remain in the marital home for the next four years. By doing so, she may continue to attend the same elementary school until she enters high school. By going to the same elementary school for the next four years, her present friendships there will grow. These are formative years for [the child], and she needs stability and structure over the next four years considering the emotional problems this divorce is causing her at present. It is her best interest to stay in this home for several other reasons. The mother now has her office in the home and will be there when [the child] returns from school each day; therefore the mother will be able to spend more time with her than when she rented her office outside the home. Having lived in the marital home since 1990, the child is familiar with the surroundings." School attendance was only one of the factors that the trial court considered. In reviewing all of those factors, we cannot say that the trial court abused its discretion.

With respect to whether the plaintiff can afford to live in the home, the court found that "[d]uring the past

year, the wife has paid over $40,000 from her Franklin Fund to maintain the home and for renovating the office space. She is willing to continue invading this Fund over the next four years in order for [her and the child] to remain in this home." The defendant argues that the trial court improperly found that the child would be able to attend the same elementary school for the next four years. It is clear from the record that while the child will have to change schools during the next four years, she will remain in the same school district. Although the trial court misspoke in making this finding, the trial court also considered the facts that the child is familiar with the surroundings and that the plaintiff's office is in the home, thus allowing the plaintiff to spend more time with the child. On the basis of these findings, we conclude that the trial court could reasonably have found as it did.

## III

The defendant contends that the trial court abused its discretion by awarding the defendant "hidden alimony" when it ordered him to pay $600 per month to the plaintiff as a contribution to the payment of the joint mortgage debt. Again, "[i]n order to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did." Id. We also recognize that "because every family situation is unique, the trial court drafting a dissolution decree has discretion to make suitable orders to fit the circumstances." *Passamano* v. *Passamano*, 228 Conn. 85, 91, 634 A.2d 891 (1993).

This issue is controlled by our Supreme Court's decision in *Passamano* v. *Passamano*, supra, 228 Conn. 85. In *Passamano*, our Supreme Court addressed the issue of "whether . . . an order that the former spouse pay [the] mortgage and real estate taxes on the marital

home, which home is to be sold when the youngest child reaches eighteen and the proceeds divided between the parties, constitutes a judicially modifiable order of alimony rather than an assignment of property." Id., 86. The court stated that in determining the nature of an award, the characterization by the trial court is controlling. Id., 90. Our Supreme Court concluded that because the plaintiff had unmistakably waived alimony and because both the stipulation and decree were devoid of an alimony award, the payments could not be characterized as alimony. Id.

In this case, the trial court clearly chose not to award alimony to either party because "each party is self-supporting and able to continue to [be] so in the future." As in *Passamano*, the trial court clearly did not intend to characterize the $600 per month payment as alimony. In fact, in its memorandum of decision in response to the defendant's motion to open, reargue and clarify, the trial court expressly stated that the payment was not hidden alimony. Therefore, we conclude, on the basis of *Passamano*, that the $600 per month payment is an assignment of property and not alimony.

## IV

Finally, the defendant claims that the trial court abused its discretion by ordering a distribution of the marital estate in which the plaintiff is to receive a disproportionate amount of the assets. He contends that the court ignored the defendant's monetary and non-monetary contributions to the acquisition of these assets, and, as a result, left him with no means of meeting his outstanding obligations. As stated previously, "[i]n order to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did." *Sweet* v. *Sweet*, supra, 190 Conn. 664.

"[T]he purpose of property division is to unscramble the ownership of property, giving to each spouse what is equitably his." *Weiman* v. *Weiman*, 188 Conn. 232, 234, 449 A.2d 151 (1982). "General Statutes § 46b-81 (c) sets forth numerous factors that a trial court must consider in assigning the property of the parties whose marriage is to be dissolved by the court. That section mandates that the court consider not only the contribution of each party toward acquisition of the property, but the length of the marriage, the cause of the dissolution and 'the age, health, station, occupation, amount and sources of income, vocational skill, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income.' . . . The court must consider *all* of the statutory criteria in determining how to divide the parties' property in a dissolution action. *Leo* v. *Leo*, 197 Conn. 1, 5, 495 A.2d 704 (1985). 'A trial court, however, need not give each factor equal weight; *Kane* v. *Parry*, [24 Conn. App. 307, 313–14, 588 A.2d 227 (1991)]; or recite the statutory criteria that it considered in making its decision or make express findings as to each statutory factor.' *Savage* v. *Savage*, 25 Conn. App. 693, 701, 596 A.2d 23 (1991). . . . We point out that in determining the 'contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates' . . . the trial court must 'accord value to those nonmonetary contributions of one spouse which enable the other spouse to devote substantial effort to paid employment which, in turn, enables the family to acquire tangible marital assets.' *O'Neill* v. *O'Neill*, 13 Conn. App. 300, 311, 536 A.2d 978, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988)." (Citations omitted; emphasis in original.) *Siracusa* v. *Siracusa*, 30 Conn. App. 560, 566–67, 621 A.2d 309 (1993).

The defendant first argues that the plaintiff received a disproportionate amount of the assets. "An award of

a larger percent of the total marital assets to one party is not a per se abuse of discretion." Id., 567; *Damon* v. *Damon*, 23 Conn. App. 111, 113, 579 A.2d 124 (1990). Furthermore, we note that the trial court stated in its memorandum of decision that it had considered the criteria set forth in General Statutes § 46b-81. We fail to see how a bare assertion that the plaintiff received more assets than the defendant constitutes an abuse of discretion in light of the fact that the trial court clearly stated that it had considered the statutory factors.

The defendant next argues that the trial court failed to consider the defendant's monetary and nonmonetary contributions to the acquisition of the assets, specifically the extent of his household and child rearing responsibilities. See *O'Neill* v. *O'Neill*, supra, 13 Conn. App. 311. The trial court did not find that one party assumed more household and child-rearing responsibilities than the other or that the assumption of such responsibilities by one party enabled the other party to devote substantial effort to paid employment. The defendant claims to have presented uncontroverted evidence that his nonmonetary contributions to the family enabled the plaintiff to devote substantial effort to paid employment. Evidence was presented at trial, however, that the parties shared the responsibility of raising the child. We cannot conclude, on the basis of this evidence, that the trial court failed to consider the defendant's monetary and nonmonetary contributions to the marriage.

Finally, the defendant claims that the trial court abused its discretion by leaving the defendant with no means of meeting his outstanding obligations. In light of the trial court's finding that the defendant had a higher earning potential than he claimed, we cannot conclude that the trial court abused its discretion. Addi-

tionally, the trial court properly considered the criteria set forth in § 46b-81.

The judgment is affirmed.

In this opinion the other judges concurred.