[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 11960
This is an appeal from the decision of Family Support Magistrate Langley, dated May 6, 1999, modifying the defendant's, Joseph O'Connor's, child support order from $25 to $103 per week. The defendant appeals on the grounds that Magistrate Langley failed to give full faith and credit to a Rhode Island court decree, that the decision is contrary to the General Statutes and Connecticut case law, that the decision is affected by error of law, that the findings, orders and decision are arbitrary, capricious, or an abuse of discretion, and that the ruling is fundamentally unfair and inequitable.
"The right to appeal from a family magistrate order to the Superior Court is created by § 46b-231 (n)." Sherman v. Sherman,41 Conn. App. 803, 806, 678 A.2d 1 (1996). Section 46b-231 (n) of the General Statutes provides, in relevant part: "(1) A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section. (2) Proceedings for such an appeal shall be instituted by filing a petition. not later than fourteen days after filing of the final decision . . . Such petitions shall be accompanied by a certification that copies of the petition have been served upon the IV-D agency . . . and all parties of record."
The test for determining whether a party is aggrieved by a particular decision is two-fold:
(1) the party claiming to be aggrieved must have a specific, personal, and legal interest in the subject matter of the decision, and (2) the party must show that this personal and legal interest has been specially and injuriously affected by the decision. See Newman v. Newman,235 Conn. 82, 103, 663 A.2d 980 (1995). The court finds that, because the magistrate ordered the defendant to increase his support payments, his specific, personal and legal interest has been specially and injuriously affected. In addition, the court finds that the defendant commenced his appeal within the fourteen day period specified by General Statutes §46b-231 (n)(2). The defendant also certified that counsel of record, including the division of support enforcement, was served copies of the appeal, pursuant to General Statutes § 46b-231 (n)(2).
General Statutes § 46b-231 (n)(7) provides that "[t]he Superior Court may affirm the decision of the family support magistrate, or remand the case for further proceedings . . . or reverse or modify the decision . . . if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) [i]n violation of constitutional or statutory provisions; (B) in excess of the statutory CT Page 11961 authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (B) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
The defendant claims in his petition that Magistrate Langley erroneously increased his child support payments from $25 per week to $103 per week without taking into consideration a support order of $167.21 entered by the state of Rhode Island for support of two other biological children presently living with him.[1] The state filed a memorandum on behalf of the plaintiff asking the court to uphold the magistrate's decision. The plaintiff also filed a short memorandum on her own behalf.
At the May 6, 1999, hearing, Magistrate Langley found the defendant's gross income to be $658 and his net income to be $527. Magistrate Langley then used one of the several guideline worksheets presented to her and found that the child support amount should be $128 based upon the net weekly income. Taking into consideration the fact that defendant has two small minor children living with him, and that his wife is a stay-at-home mom, Magistrate Langley deducted $25 from the $128 and ordered the defendant to pay $103 per week to the plaintiff for the support of their child. Magistrate Langley also stated, however, that the $25 deduction was because O'Connor had faithfully paid the previous order of $25 per week: "in light of the fact that he [O'Connor] paid $25.00 each week for the support of [his child] the court will deduct $25.00 from the $128. and order $103 per week in current support. . . ." (Hearing Transcript, May 6, 1999, p. 31.) The defendant objected on the record to the magistrate's failure to deduct the amount of the Rhode Island order from his income, and the magistrate accepted his objection.
Under the new August 1999 child support guidelines, there is no question that there is a deduction for imputed support for minor children living with the obligor. Under the new guidelines, the court would calculate a support obligation for all of the obligor's children, divide that number by the total number of children and, then, multiply that figure by the number of qualified children, i.e., those living with the obligor, to get the amount of the deduction. See Regs., Conn. State Agencies § 46b-215a-2a (e) (1999). The problem, here, is that these guidelines were not in effect at the time Magistrate Langley rendered her decision. Applying the 1994 guidelines, the court must determine what effect, if any, the Rhode Island order should have on the decision of Magistrate Langley.
On May 5, 1999, the Rhode Island Family Court issued an order stating: CT Page 11962 "That the minor children of . . . [O'Connor] have a rightful entitlement of support from the Defendant Joseph D. O'Connor for their support in the amount of $167.20 per week, as determined by the Rhode Island minimum child support guidelines and the DR-30 filed contemporaneously herewith."
According to our child support guidelines, an allowable deduction "means amounts subtracted from gross income to arrive at net income. Such amounts are computed on a weekly basis and are limited to the following: . . . (F) court-ordered alimony and child support payments for individuals not involved in the support determination, provided such payments are shown on the parent's financial affidavit, and provided further that a deduction for such payments under this subsection may be disallowed in whole or in part if the court finds that they are not being made." Regs., Conn. State Agencies § 46b-215a-1 (1).
The court finds the order from the Rhode Island Family Court to be a valid court order that should have been more fully considered by the magistrate in this case. Absent a finding that such payments were not being made, Magistrate Langley should have allowed the deduction as specified in the 1994 guidelines. Accordingly, the May 6, 1999, decision is reversed and remanded with direction to more fully consider the order of the Rhode Island Family Court.
Kocay, J.